**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM GONZALEZ** | : | **NO. 11-739-1** |

**MEMORANDUM**

**Savage, J.**                                                                  **April 22, 2024**

Having served nearly seven years of his eight-year term of supervised release, William Gonzalez moves for early termination.[1] He cites his full compliance with the terms of supervision, the loss of more lucrative work in his field of commercial roofing because he is on supervised release, and his maintaining sobriety and stable mental health since his arrest.

The Government opposes his request. It argues that he waived his right to move for early termination of supervised release in his plea agreement and that he is not unduly harmed by serving his full term.[2]

After considering the factors set forth in 18 U.S.C. § 3553(a) and finding that Gonzalez has been rehabilitated and will not benefit from further supervision, we shall grant his motion.

---

[1] Def.'s Mot for Early Termination of Super. Release Pursuant to 18 U.S.C. § 3583(e)(1) at 3, ECF No. 105 ["Mot. for Early Termination"].

[2] Gov.'s Opp'n to Def.'s Mot. For Early Termination of Supervised Release at 3, 11, ECF No. 107 ["Resp."].

On December 15, 2011, Gonzalez pleaded guilty to seven counts of trafficking cocaine and crack cocaine, possessing a firearm in furtherance of drug trafficking, and possession of a firearm by a convicted felon.[3]

On February 27, 2013, he was sentenced to 120 months imprisonment followed by eight years of supervised release. On November 1, 2014, the United States Sentencing Commission issued Amendment 782, which reduced base offense levels assigned to drug quantities by two levels. Relying on Amendment 782, Gonzalez filed a motion to reduce his sentence on February 12, 2015.[4] His prison sentence was reduced to 78 months.[5] On June 15, 2017, he was released from prison. Since then, he has been on supervised release.

## Analysis

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has held that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

---

[3] Resp. at 2.

[4] Mot. To Reduce Sentence, ECF No. 60.

[5] Order, ECF No. 62.

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant integrating into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *Murray*, 692 F.3d at 280.

The Government opposes Gonzalez's request for early termination arguing that he waived his right to relief in his plea agreement. The plea agreement stated:

> In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

The Government, relying on *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019), argues that a petition for early termination is a "challenge" to the sentence that is barred by Gonzalez's plea agreement. It argues that when he entered the agreement, Gonzalez knowingly and voluntarily waived his right to request early termination of supervised release.

This case is distinguishable. In *Damon*, the defendant's waiver barred "any appeal, any collateral attack, or any other writ or motion ... which challenges the sentence imposed by the sentencing court." *Damon*, 933 F.3d at 271. Here, Gonzalez's plea agreement bars only appeals and collateral attacks. It does not explicitly preclude his moving for early termination of supervised release. He waived his rights to file an appeal or a motion collaterally attacking his sentence.

The agreement specifically identifies three statutory grounds for challenging the conviction or sentence. A motion under 18 U.S.C. § 3583(e) is not one of them. The government relies on the undefined catchall "any other provision of law" language. Yet, it points to nothing in the guilty plea colloquy to show that Gonzalez knowingly understood

and willingly gave up his right to file for early termination of supervised release under 18 U.S.C. § 3583(e). Although the right to file a direct appeal and a motion under 28 U.S.C. § 2255 were expressly identified as barred by the waiver, there was no reference to a motion for early termination.

Our holding that the plea agreement does not bar a motion to terminate supervision is consistent with the decisions and reasoning of other judges of this court. *See United States v. Alhinde Weems,* No. CR 09-708-1, Docket No. 143 (E.D. Pa. Jan. 6, 2023) (Slomsky, J.); *United States v. Fluellen,* No. CR 09-497-1, 2022 WL 309159 (E.D. Pa. Feb. 2, 2022) (Smith, J.); *United States v. Mabry,* 528 F.Supp.3d 349 (E.D. Pa. 2021) (Robreno, J.); *United States v. Martinez,* No. CR 13-00619-2, Docket No. 302 (E.D. Pa. Feb. 27, 2020) (Schiller, J.); *United States v. Crews,* No. CR 10-663-5, 2020 WL 6581430 (E.D. Pa. Nov. 10, 2020) (Padova, J.). Thus, we consider the motion on the merits.

Gonzalez acknowledges the seriousness of his criminal history, including juvenile adjudications, drug dealing, driving under the influence, and the instant drug trafficking offenses.[6] He explains that his criminal past was "directly attributable" to his "pervasive addiction to drugs," which was "precipitated" by untreated depression.[7] Since his arrest, Gonzalez has not used drugs and has maintained sobriety.[8] He has "successfully addressed" his depression.

To demonstrate his rehabilitation, he cites his incident-free time on supervision, payment of his court costs, his designation as a low/moderate risk offender, and the

---

[6] Mot. for Early Termination at 3.

[7] *Id.*

[8] *Id.*

requirement to report in-person only every ninety days.[9] His Probation Officer has confirmed that he is in full compliance with his supervision conditions. Indeed, the Probation Officer, Jenna Koch, does not oppose early termination.

He maintains that the interests of justice warrant early termination because supervision is preventing him from advancement to crew foreman in commercial roofing. He has been denied work opportunities due to his status as a supervised releasee. For example, he was rejected from a job site working on a school building because he was under supervision.[10]

Gonzalez has been rehabilitated. He is a 38-year-old law-abiding and productive citizen, living in a stable residence with his mother in Allentown. He works as a commercial roofer for Centimark Corporation in King of Prussia and has been steadily employed since his release.[11]

When Gonzalez was trafficking drugs, he was addicted and "self-medicate[d]" for depression. Now, he is sober and has "embraced a crime-free lifestyle." His sobriety and his steady employment reduce a risk that he would commit further crimes. They demonstrate his successful reintegration into society.

Gonzalez will not benefit, nor will society benefit, from further supervision. He has been rehabilitated.

---

[9] *Id.*

[10] *Id.* 7.

[11] *Id.* 4.

We conclude that the motion is not barred by Gonzalez's plea agreement. The relevant § 3553(a) factors and the interest of justice favor early termination. Therefore, we shall grant the motion to terminate Gonzalez's supervised release.